## DISEASE RESULTING FROM DEFECTIVE APPLIANCES NOT AN OCCUPATIONAL DISEASE.

Common Pleas Court of Cuyahoga County.

PAUL HANAK v. THE INDUSTRIAL COMMISSION OF OHIO.

Decided, May 3, 1920.

*Workmen's Compensation—Disease Developed by Breathing Acetylene Gas—Compensation Recoverable.*

1. Where, in the operation of a factory disease is developed by defective appliances, it is not produced in a natural and ordinary way and does not fall within the category of occupational disease.
2. An employee who has suffered injury from the inhalation of acetylene gas, due to a defective hose connection, is entitled to compensation under the workmen's compensation act on the theory that his injury was due to an accident suffered in the due course of his employment.

*Philmore J. Haber,* for plaintiff.
*R. A. Baskin,* Asst. County Prosecutor, for defendant.

WOOD, Judge.

This cause came on for trial, a jury having been demanded by the plaintiff, and after the statement of counsel for both plaintiff and defendant, the defendant's counsel objected to the introduction of any testimony on the grounds that the allegations contained in plaintiff's petition, together with the opening statement of counsel for plaintiff, did not constitute an injury as contemplated by the workmen's compensation act of Ohio.

It was thereupon agreed that plaintiff should withdraw his demand for a jury, and in case the ruling on the objection to the introduction of testimony was adverse to defendant, that the case was then to be submitted to the court on the allegations of the petition and the statement of counsel for plaintiff.

The facts necessary for a determination of this case are as follows:

That plaintiff for several weeks prior to the 29th day of November, 1918, was employed by The F. B. Stearns Company; that said company was covered by industrial compensation; that prior to the 29th day of November, 1918, the hose connecting the acetylene gas tank with the burner became defective and that holes appeared in a number of places in said hose; that the condition of this hose was reported and repaired from time to time, yet more holes appeared; that plaintiff on or about Nov. 19th, 1918, became ill as a result of inhaling gas which escaped through the holes; that on or about the 29th day of November, 1918, plaintiff was forced to quit his employment as a result of being injured in the manner described.

Under the above facts was, the injury received by plaintiff an accidental injury embraced by the statutes of Ohio concerning workmen's compensation, and employer's liability insurance, or was the injury the result of an occupational disease and not embraced within the workmen's compensation statutes.

"A disease contracted in the natural and ordinary course of employment, by a person engaged in a particular calling or occupation, which disease from common experience is known to be a usual and customary incident to such calling or occupation is an 'occupational disease.'" *Industrial Commission* v. *Roth et al*, 98 O. S., 34.

"An accident is some happening that occurs by chance unexpectedly, and not in the usual cause of events, and might possibly be prevented by the exercise of due care and caution." 98 Ohio State, page 40.

Occupational diseases are incident to certain employments, and must be restricted to a disease that is not only incident to the employment, but must be the natural and ordinary result therefrom.

The development of a disease resulting from defective appliances in the operation of a factory could not be said to be an occupational disease for the reason that the condition of labor did not produce it in a natural and ordinary way.

The use of acetylene gas with proper appliances produces no ill effects on the operator, but like many other substances if

used with defective appliances may and do produce deadly results.

If the F. B. Stearns Company had used proper appliances in operating this factory there would have been no accident by way of escaping gas and no injury to plaintiff.

We think the rule to be that if the injury was the result of defective appliances in the operation of the plant, it should be regarded as an accident and the employee injured should be compensated under the workmen's compensation act.

The objection to the introduction of testimony will be overruled with exceptions.

Finding on the merits of the case in favor of plaintiff. Exceptions. Motion for a new trial overruled with exceptions. Order and judgment to be entered of May 3rd, 1920.